IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE JAVIER HERRERA-MORALES, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:18-CV-1591-N-BT |
| | § | (No. 3:17-CR-558-N-1) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jose Javier Herrera-Morales, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion.

I.

Movant pleaded guilty to illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(A) and (B)(1). (Crim. Doc. 16, 27).[1] On March 19, 2018, the District Court sentenced Movant to 23 months in prison. (Crim. Doc. 24, 28). Movant did not file a direct appeal. Instead, Movant filed this § 2255 motion on June 5, 2018 (Doc. 2 at 13), in which he claims that he qualifies for relief pursuant to the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (Doc. 2).

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:17-CR-558-N-1 as "Crim. Doc."

1

Specifically, Movant argues that *Dimaya* invalidates his underlying immigration removal order, which in turn, invalidates his current conviction. (*Id.*). He further argues that his sentence is invalid due to a 16-level increase to his offense level under the Sentencing Guidelines. In response, the government argues that Movant's claims are conclusory, procedurally barred, non-cognizable, and meritless. (Doc. 5).

II.

In *Dimaya*, the Supreme Court held that the residual clause definition of "crime of violence" found in 18 U.S.C. § 16(b), and cross-referenced to 8 U.S.C. 1101(a)(43)(F), is unconstitutionally vague. *See Dimaya*, 138 S.Ct. at 1210-11. Here, Movant argues that, in view of the holding in *Dimaya*, his prior conviction "no longer qualifies as a predicate that resulted in a sixteen level enhancement based from a statute that is void for vagueness and invalid." (Doc. 2 at 4). Movant provides no further discussion or support from the record for this argument. (*See generally* Doc. 2, 6).

Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *See United States v. Woods*, 870 F.2d. 285, 287-288 (5th Cir. 1989) (stating that a petitioner bears the burden "of demonstrating, at least prima facie, those facts that establish a constitutional violation"); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Additionally, allegations in a federal habeas petition that are inadequately briefed are waived and will not be considered. *Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002). Petitioner's singular and conclusory statement that the holding in

*Dimaya* invalidates his sixteen-level sentencing enhancement, without any further explanation or evidence from the record, is insufficient to provide a basis for relief. *See id.*

Furthermore, a review of the record fails to demonstrate that Movant received a sixteen-level sentencing enhancement. Movant's presentence investigation report (PSR) demonstrates that Movant's base offense level was calculated as an 8. (Crim. Doc. 21-1 at 5 ¶ 20). He received a four-level increase because he "committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense." (*Id.* at 5-6 ¶ 21). After receiving a two-level decrease for acceptance of responsibility, (*id.* at 6 ¶ 27), Movant's total offense level was calculated as a 10. (*Id.* at ¶ 28). There was no discussion of a sixteen-level increase to Movant's offense level at the sentencing hearing. (*See* Crim. Doc. 28). Movant fails to show that the holding in *Dimaya* has any effect on the application of the Sentencing Guidelines in his case.

Even if the Court had misapplied a sixteen-level enhancement under the Sentencing Guidelines, Movant still would not be entitled to relief. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Additionally, the holding in *Dimaya* is limited to the application of 18 U.S.C. § 16(b). *See Dimaya*, 138 S. Ct. at 1211. The Sentencing Guidelines are not subject to

the *Dimaya* holding because the Guidelines are merely advisory. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause[.]"); *see also United States v. Godoy*, 890 F.3d 531, 539-40 (5th Cir. 2018) (rejecting argument that *Dimaya* precludes use of 18 U.S.C. § 16(b) as incorporated into the Sentencing Guidelines). Therefore, this claim must fail.

### III.

Next, Movant appears to claim that his current conviction for illegally reentering the United States after being removed is invalid pursuant to *Dimaya*. He claims that, previously, he "was removed [from the United States] on the basis of his State of California conviction for Auto Theft/Stealing, which the Immigration Judge determined was an aggravated felony or crime of violence under 8 U.S.C. § 1101(a)(43)(F)." (Doc. 2 at 16). Thus, Movant appears to argue, because *Dimaya*'s holding renders his prior removal invalid, his current conviction for illegally returning to the United States after being removed is invalid as well, since it is predicated on a removal that is no longer valid. (*Id.* at 16-17; Doc. 6 at 4-5). However, Movant provides no support for his claim. Movant provides no evidence from the record to demonstrate that the Immigration Judge determined that Movant's prior California conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). (*See id.*). Movant's bald claim is insufficient. *See Woods*, 870 F.2d. at 287-288; *Schlang*, 691 F.2d at 799; *Woods*, 307 F.3d at 357.

Furthermore, a review of the record does not demonstrate that the Immigration Judge ordered Movant removed based on an aggravated felony. Rather, the record shows that Movant lost his temporary protected status (TPS) under the Immigration and Nationality Act (INA) following his California auto theft conviction. The INA provides for TPS for persons when certain events in the person's home country make it potentially unsafe for them to return. *See* 8 U.S.C. § 1254a(a), (b)(1). TPS is withdrawn when the person does not meet its eligibility criteria. *See* 8 U.S.C. § 1254a(c)(3)(A); *see also* 8 C.F.R. § 244.14(a)(1). One eligibility requirement is the absence of a felony conviction. *See* 8 U.S.C. § 1254a(c)(2)(B)(i). This requirement does not distinguish between aggravated and non-aggravated felonies. *See id.* And the record demonstrates that Movant lost his TPS status after his California felony auto theft conviction. The PSR states:

> [Movant] was granted Temporary Protected Status (TPS) on December 8, 2003. TPS was withdrawn by U.S. Citizenship and Immigration Services (CIS) on September 21, 2004, following his felony conviction for Taking a Vehicle Without Owner's Consent, Case No. PA047986. On October 26, 2004, CIS issued a Notice to Appear in removal proceeding before an immigration judge; however, [Movant] failed to appear to this proceeding. [Movant] was subsequently ordered removed to El Salvador in absentia for the first time on January 22, 2007.

(Crim. Doc. 21-1 at 4 ¶10). In 2008, after being arrested for, and pleading guilty to a misdemeanor violation, Movant was "transferred into ICE administrative custody. . . [and] removed to El Salvador for the first time . . . on September 12, 2008. (*Id.* at ¶11).

5

Movant fails to demonstrate, and the record does not show, that the Immigration Judge ordered him removed after determining that his auto theft conviction was an aggravated felony. Thus, he fails to show that the holding in *Dimaya* renders his prior removal in anyway invalid. This claim therefore fails on the merits.

IV.

The Court should deny the § 2255 motion for failure to make a substantial showing of the denial of a federal right.

Signed May 20, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).